<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ISAIAS RAMIREZ ALONZO, | |
| Petitioner, | Case No. 2:26-cv-03719 (BRM) |
| v. | **OPINION** |
| WARDEN, *et al.*, | |
| Respondents. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Isaias Ramirez Alonzo's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. (ECF No. 1.) Respondents filed an Opposition (ECF No. 5), Petitioner replied (ECF No. 6), and Respondents responded (ECF No. 7). Having reviewed and considered the parties' submissions filed in connection with the Petition and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause having been shown, Petitioner's § 2241 Petition is **GRANTED**.

## I.    BACKGROUND

Petitioner, a citizen of Guatemala, is subject to a reinstated final order of removal. (*See generally* ECF No. 5.) Petitioner initially encountered U.S. Border Patrol on April 30, 2006, and he was processed as a voluntary departure. (*Id.* at 1.) Following his departure, Petitioner reentered the United States on an unknown date. (*Id.*)

On September 27, 2019, Petitioner was arrested on charges of contempt under N.J. Stat. Ann. § 2C:29-9a. (*Id.*) Following his arrest, on October 2, 2019, Immigration and Customs

Enforcement ("ICE") agents arrested Petitioner pursuant to an immigration detainer and served him with a notice to appear, placing him in removal proceedings. (*Id.*) On February 24, 2020, an Immigration Judge ("IJ") denied Petitioner bond. (*Id.*)

On May 27, 2020, an IJ issued an order granting Petitioner's request for voluntary departure until June 26, 2020, with an alternate order of removal to Guatemala. (*Id.* at 2.) On June 19, 2020, ICE released Petitioner subject to the Alternative to Detention program, with reporting requirements, while ICE arranged for Petitioner's voluntary departure. (*Id.*) Petitioner did not depart by June 26, 2020. (*Id.*) Petitioner submits international flights were not operating at the time due to the COVID-19 pandemic. (ECF No. 1 at 6.) The IJ's order granting voluntary departure with an alternate order of removal converted to a final order of removal on June 27, 2020. (ECF No. 5 at 2.) However, Petitioner remained released under reporting requirements until April 15, 2025. (*Id.*)

On April 15, 2025, ICE re-detained Petitioner pursuant to his final order of removal. (*Id.*) On April 23, 2025, an IJ granted Petitioner a stay of removal, to remain in effect until a determination on Petitioner's motion to reopen. (ECF No. 5-1 ¶ 25.) On May 2, 2025, the IJ granted Petitioner's motion to reopen. (*Id.* ¶ 26.) On May 27, 2025, the IJ granted the Department of Homeland Security's ("DHS") motion for reconsideration of the May 2, 2025 decision. (*Id.* ¶ 27.) On October 15, 2025, the Board of Immigration Appeals ("BIA") remanded to the IJ to issue a new decision regarding the IJ's May 27, 2025 decision granting DHS's motion for reconsideration. (*Id.* ¶ 28.) On December 8, 2025, the IJ granted DHS's motion to reconsider the IJ's prior decision granting Petitioner's motion to reopen. (*Id.* ¶ 30.) The IJ also *sua sponte* reconsidered the IJ's prior decision granting Petitioner's motion to reopen and denied the motion. (*Id.* ¶ 30.) Petitioner submits he timely appealed that decision to the BIA. (ECF No. 6 at 2.) Respondents assert the BIA

2

Clerk's Office has confirmed the BIA granted a discretionary stay of removal pending the appeal of this motion to reconsider and reopen. (ECF No. 7 at 2.)

On March 25, 2026, Petitioner filed a petition for review of the BIA's February 23, 2026 dismissal of Petitioner's interlocutory appeal with the Third Circuit Court of Appeals. (ECF No. 5-1 ¶ 33.) On April 8, 2026, Petitioner filed a motion for emergency stay of removal with the Third Circuit. (*Id.* ¶ 34.) According to the parties, the petition for review and motion for emergency stay remain pending. Petitioner remains detained as of the date of this Opinion, thirteen months after he was re-detained on April 15, 2025.

On April 8, 2026, Petitioner filed the Petition now before the Court challenging his prolonged detention. (ECF No. 1.) Respondents filed an answer. (ECF No. 5.) Petitioner replied (ECF No. 6), and Respondents responded (ECF No. 7). This matter is ripe for consideration.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

3

### III.   DECISION

In his Petition, Petitioner challenges his ongoing post-final order of removal detention pursuant to 8 U.S.C. § 1231, arguing his detention has become prolonged, and his removal is not likely in the reasonably foreseeable future.[1] (*See generally* ECF No. 1.)

Section 1231(a)(1)(A) states, "when a[] [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." If the noncitizen is not removed after the 90-day period expires, he "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision" outlined in the statute. 8 U.S.C. §§ 1231(a)(1), (6). Once the 90-day removal period of § 1231(a) has passed, and after "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," and the noncitizen must be released. *Zadvydas*, 533 U.S. at 699. "[I]ndefinite, perhaps permanent, detention" is not authorized. *Id.* To the contrary, the United States Supreme Court has found that interpreting the statute to allow for indefinite detention would raise "a serious constitutional threat." *Id.*

Therefore, in *Zadvydas*, the Supreme Court interpreted § 1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about that [noncitizen]'s removal from the United States." *Id.* at 689. The Court found a post-removal order detention period of six-months was "presumptively reasonable"; however, beyond those six months, if removal no longer is reasonably foreseeable, continued detention becomes unauthorized. *Id.* at 701.

---

[1] In his reply, Petitioner argues based on the BIA's discretionary stay of removal, he is no longer subject to a final order of removal. The Court disagrees. Only a judicial order granting a stay of removal converts a final order of removal to a non-final order. *See* 8 U.S.C. § 1231(a)(1)(B)(ii) ("[T]he removal period beings on the latest of the following: . . . if the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order."). The BIA's discretionary stay is not a judicial order. As such, Petitioner remains subject to a final order of removal.

"After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Therefore, a noncitizen is not necessarily entitled to release at the conclusion of six months of post-removal order detention. Instead, DHS may continue detention until no significant likelihood of removal in the reasonably foreseeable future exists. *Id.* But "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Petitioner argues he has a pending appeal before the Third Circuit Court to Appeals, as well as an emergency motion to stay removal, and as a result his removal is not significantly likely in the reasonably foreseeable future. (ECF No. 1 at 2.) Respondents acknowledge the BIA's grant of a discretionary stay of removal "affects the likelihood-of-removal analysis." (ECF No. 7 at 2.) However, Respondents argue Petitioner "cannot carry his burden of demonstrating 'good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.'" (*Id.*) Respondents contend there are cases denying prolonged detention claims when the petitioner cannot demonstrate a good reason why his removal is unlikely once a stay of removal is lifted. (*Id.* at 2–3.) Respondents rely on the fact that ICE is in possession of a valid passport for Petitioner in support of their argument that he cannot show there is no significant likelihood of removal in the reasonably foreseeable future. (ECF No. 5 at 5.)

Respondents position is unconvincing. Although Respondents submit ICE has a Guatemalan passport for Petitioner, they do not argue they have made any attempt to remove Petitioner following the end of the COVID-19 flight interruptions. Additionally, there is currently a discretionary stay on Petitioner's removal, and there is no indication of when that stay may be lifted. As Petitioner cannot be removed at this time, the Court finds Petitioner has met his initial

burden of showing that after thirteen months of detention, his removal is not likely in the reasonably foreseeable future.

Accordingly, Respondents have failed to meet their burden of rebutting Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future, as the Government has not provided the Court with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. As such, Petitioner is entitled to release under an order of supervision, and the Petition shall be granted.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**, and Respondents shall **RELEASE** Petitioner from custody under the same conditions of release that existed immediately prior to his April 15, 2025 re-detention. The Court also finds it appropriate to **PROHIBIT** Respondents from re-detaining Petitioner unless there is a significant likelihood of his removal in the reasonably foreseeable future. An appropriate Order accompanies this Opinion.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: May 27, 2026

6